USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MARK KRONYAK, et al., :

           Plaintiffs : 16 Civ. 8640 (ER)(HBP)

  -against- : OPINION
                          AND ORDER
TISHMAN CONSTRUCTION CORP., :
et al.,
                          :
           Defendants.
                          :
-----------------------------------X

       PITMAN, United States Magistrate Judge:

I. Introduction

       Third-party defendant Five Star Electric Corp. ("Five Star") moves for an Order pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure granting leave to file a fourth-party complaint (Letter Motion Seeking Leave to File a Fourth-Party Complaint, dated Mar. 26, 2019 (Docket Item ("D.I.") 42) ("Five Star Letter")). For the reasons set forth below, the motion is denied.

II. Background

A. Facts

This action arises out of plaintiff Mark Kronyak's fall at a construction site. Defendant Tribeca Associates LLC ("Tribeca") hired Tishman Construction Corporation ("Tishman") to build a skyscraper at 20 West 53rd Street in New York (Compl., filed Nov. 9, 2016 (D.I. 4) ("Compl.") ¶¶ 3-4, 6, 10). Tishman hired Five Star to perform electrical work at 20 West 53rd Street (Third-Party Compl., dated June 15, 2017 (D.I. 24) ¶ 19). On April 21, 2014, while working for Five Star as an electrician at 20 West 53rd Street, Kronyak fell down a staircase and injured his shoulder, knee, hand and back (Compl. ¶¶ 14, 17, 19).

B. Procedural History

Plaintiffs[1] commenced this action on November 9, 2016 against defendants Tishman and Tribeca. On June 16, 2017, Tishman and Tribeca filed a third-party complaint against Five Star (Third-Party Compl., dated June 15, 2017 (D.I. 24)), which Five Star answered on July 12, 2017 (Answer, dated July 11, 2017

---

[1]Plaintiff Mark Kronyak's wife, Elizabeth Kronyak, seeks damages from Tishman and Tribeca for loss of consortium (Compl. ¶¶ 28-31).

2

(D.I. 28)). After a series of extensions, the Honorable Edgardo Ramos, United States District Judge, set the deadline for joinder of additional parties at November 30, 2018 (Order, dated Sept. 25, 2018 (D.I. 36)). On March 18, 2019, I granted leave to Five Star to make its motion pursuant to Fed.R.Civ.P. 14 seeking leave to file a fourth-party complaint (Order, dated Mar. 18, 2019 (D.I. 41)).

C. Proposed
Fourth-Party Complaint

Five Star's proposed fourth-party complaint seeks to join two subcontractors, Regal USA Construction, Inc. ("Regal") and Construction Realty Safety Group Inc. ("CRSG"), as defendants in this action (Proposed Fourth-Party Complaint, Five Star Letter, Ex. B (D.I. 42-2) ("PFPC") ¶¶ 5-8). Five Star alleges that Tishman hired Regal to perform concrete work and hired CRSG to provide safety and site protection services (PFPC ¶¶ 18-22). Five Star accuses Regal and CRSG of negligence with respect to the location of Kronyak's fall and seeks contribution and indemnification from both subcontractors (PFPC ¶¶ 24-51).

3

III. Analysis

   A.  Applicable Legal Standards

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that a "defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it." The defendant must, however, obtain leave of court if it seeks to file the third-party complaint more than 14 days after serving its original answer. Fed.R.Civ.P. 14(a)(1).

"'[T]he traditional grounds for a third-party action are indemnification, contribution, or subrogation.'" In re Mission Constr. Litig., 10 Civ. 4262 (LTS)(HBP), 10 Civ. 9344 (LTS)(HBP), 11 Civ. 1565 (LTS)(HBP), 2013 WL 4710377 at *9 (S.D.N.Y. Aug. 30, 2013) (Pitman, M.J.), quoting Doucette v. Vibe Records, Inc., 233 F.R.D. 117, 120 (E.D.N.Y. 2005).

> When determining whether to permit the filing of a third-party complaint, the court takes into consideration the following factors: "(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted."

Satterfield v. Maldonado, 14 Civ. 627 (JCF), 2014 WL 4828860 at *3 (S.D.N.Y. Sept. 19, 2014) (Francis, M.J), quoting Fashion-in-

4

Prints, Inc. v. Salon, Marrow & Dyckman, L.L.P., 97 Civ. 340 (DC), 1999 WL 500149 at *6 (S.D.N.Y. July 15, 1999) (Chin, then D.J., now C.J.); accord Falcone v. MarineMax, Inc., 659 F. Supp. 2d 394, 402 (E.D.N.Y. 2009); Capitol Records, Inc. v. City Hall Records, Inc., 07 Civ. 6488 (LTS)(KNF), 2008 WL 2811481 at *2 (S.D.N.Y. July 18, 2008) (Fox, M.J.). "A district court has considerable discretion in determining a Rule 14(a) motion." Capitol Records, Inc. v. City Hall Records, Inc., supra, 2008 WL 2811481 at *2; accord Consol. Rail Corp. v. Friedman, 758 F. Supp. 128, 130 (S.D.N.Y. 1990) (Griesa, D.J.), citing East Hampton Dewitt Corp. v. State Farm Mut. Auto. Ins. Co., 490 F.2d 1234, 1246 (2d Cir. 1973) (Friendly, C.J.).

B. Application of the
   Foregoing Principles

Because Five Star was delinquent in filing its motion to implead the fourth-party defendants, impleader at this time would delay the trial. In addition, denying Five Star's motion will not prejudice Five Star because, if it is found liable, it can still institute a separate action against Regal and CRSG for indemnification or contribution.

Five Star argues that it did not deliberately delay filing the instant motion because Tishman and Tribeca did not

5

disclose the identities of the subcontractors it seeks to implead until February 6, 2019 (Five Star Letter at 2; Five Star's Letter Reply to Plaintiffs' Objection, dated Apr. 29, 2019 (D.I. 46) ("Five Star Reply Letter") at 2). Five Star, however, does not appear to have made any efforts to obtain this information any sooner. According to the exhibits Five Star attached to the instant motion, it served its Combined Demands to Third-Party Plaintiffs on counsel for plaintiffs, Tishman and Tribeca on July 20, 2017 (Combined Demands to Third Party Plaintiffs, Five Star Letter, Ex. D (D.I. 42-4)). A year later, on July 23, 2018, Five Star wrote to opposing counsel to complain about Tishman and Tribeca's

> failure to provide contracts, and especially the contract between Tishman and the subcontractor who poured or created the staircase, and the subcontractor who installed the plastic sheeting at the subject staircase, as [defendants] have been advised from early on in this litigation that [Five Star] intend[s] to join them as parties to this action.

(Letter to Ms. Ayers and Mr. Rocco, Five Star Letter, Ex. E (D.I. 42-5)). Five Star did not, however, raise the issue with the Court until its January 25, 2019 letter motion to Judge Ramos. However, at any time after August 19, 2017 -- the date responses to Five Star's discovery demands were due -- Five Star could have sought relief from the Court for defendants' failure to disclose requested documents. In other words, beginning on August 19,

2017, other than the one letter to opposing counsel on July 23, 2018, Five Star failed to take action until January 2019 to identify the parties it now seeks to name in a fourth-party complaint. Thus, Five Star's failure to obtain the names of the proposed fourth-party defendants in time for it to comply with Judge Ramos's Scheduling Order was due to its own lassitude.

Five Star next contents that its failure to file the instant motion before the November 30, 2018 deadline should be excused because counsel for Five Star was dealing with a death in the family from November 2018 to January 2019 (Five Star Letter at 3). How an individual deals with the death of a loved one is always a personal matter and is not subject to generalized statements. However, if an attorney is so affected by the death of a loved one that he or she is unable to work and unable to comply with court deadlines for an extended period of time, it is incumbent upon that attorney to have the work reassigned to another attorney in the firm.[2] According to its website, counsel for Five Star employs 16 attorneys; counsel offers no reason why the matter was not reassigned during counsel's period of bereavement.

---

[2]New York Rule of Professional Conduct 1.16(b)(2) requires a lawyer to withdraw from the representation of a client if "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client . . . ."

7

Five Star further argues that impleading the subcontractors will not unduly delay or complicate the trial because discovery, including the depositions of the parties, is incomplete (Five Star Letter at 3; Five Star Reply Letter at 1). However, as plaintiffs correctly argue, the impleading of additional parties at this time will inevitably delay the trial (Letter Objection to Five Star's Motion to Add Fourth Party Defendant, dated Apr. 12, 2019 (D.I. 44)). If added to this case, the proposed fourth-party defendants would be entitled to time to file a responsive pleading, to exchange document discovery and to depose or re-depose witnesses. Thus, impleading Regal and CRSG more than two years after the commencement of the action will inevitably delay the trial.

With respect to the prejudice inquiry, Five Star argues that impleader will not prejudice plaintiffs or defendants because it will not unduly delay or complicate the trial and because "it is doubtful that settlement or resolution can be obtained without the involvement of the proposed Fourth-Party Defendants" (Five Star Letter at 3). Five Star is incorrect. As explained in the preceding paragraph, adding fourth-party defendants will delay the trial of this matter. In addition, although denial of Five Star's motion may impede settlement efforts, it

will not impair the Court's ability to bring this matter to trial.

Furthermore, Five Star argues that impleader will not prejudice Regal or CRSG because "they will be able to participate in discovery in this action, and if the motion is denied, Five Star will have to start a separate action against them, which would be prejudicial to all parties" (Five Star Letter at 3). Five Star's argument is not persuasive. Regal and CRSG will be able to participate in discovery whether they are sued in this action as fourth-party defendants or sued in a separate action. In addition, denial of its motion will not prejudice Five Star. If Kronyak fails to prove defendants' liability or if defendants fail to prove Five Star's liability, Five Star will never have to litigate with Regal and CRSG. On the other hand, if Five Star is found liable in this action, it can then commence its own action against Regal and CRSG for contribution or indemnity. See, e.g., Lehman XS Trust, Series 2006-GP2 by U.S. Bank Nat'l Ass'n v. Greenpoint Mortg. Funding, Inc. 916 F.3d 116, 126 (2d Cir. 2019) ("Under New York law, a cause of action for contractual indemnification 'does not arise until liability is incurred by way of actual payment' to a third party."). In other words, denial of Five Star's motion will not prejudice its right to seek recovery from Regal and CRSG.

Finally, Five Star argues that the PFPC states a claim upon which relief can be granted (Five Star Letter at 3-4). Assuming the truth of Five Star's allegations, it appears that the PFPC states valid claims for negligence, contribution and indemnification against Regal and CRSG. Here, however, the facial validity of Five Star's claims against the proposed fourth-party defendants does not outweigh the countervailing factors discussed above, particularly where Five Star may commence a separate action against Regal and CRSG.

IV. Conclusion

Accordingly, for all the foregoing reasons, Five Star's motion for leave to file a fourth-party complaint is denied. The Clerk of the Court is respectfully requested to mark Docket Item 42 closed.

Dated: New York, New York
       May 1, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

10